**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

RICHARD QUICK,

           Plaintiff,

                                  Case No. 3:14-cv-416-J-32JRK

vs.

SOCIAL SECURITY ADMINISTRATION,

           Defendant.
_____/

## **REPORT AND RECOMMENDATION**[1]

This cause is before the Court on Plaintiff's Affidavit of Indigency (Doc. No. 2), filed April 10, 2014, that the Court construes as a Motion to Proceed In Forma Pauperis ("Motion"). Also on April 10, 2014, Plaintiff, who was incarcerated when he filed this case[2] and who is proceeding pro se, filed a Civil Rights Complaint Form (Doc. No. 1). On June 19, 2014, an Order (Doc. No. 5; "June 19, 2014 Order") was entered, taking under advisement Plaintiff's request to proceed in forma pauperis, and directing Plaintiff to file an amended complaint. Plaintiff filed an Amended Complaint (Doc. No. 7) on July 30, 2014.[3]

---

[1] Specific, written objections may be filed in accordance with 28 U.S.C. § 636 and Rule 6.02, Local Rules, United States District Court, Middle District of Florida ("Local Rule(s)"), within fourteen (14) days after service of this document. Failure to file timely objections waives a party's right to de novo review. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; Local Rule 6.02(a); Dupree v. Warden, 715 F.3d 1295, 1300 (11th Cir. 2013).

[2] A review of the Florida Department of Corrections website reflects that Plaintiff was released on August 18, 2014. Plaintiff has not advised the Court of his new address, but the Court will direct the Clerk to mail a copy of this Report and Recommendation to Plaintiff's stated residence upon release.

[3] It appears that Plaintiff timely provided the Amended Complaint to prison officials for mailing to the Court on July 21, 2014. See Am. Compl. at 2. The Clerk received and filed the Amended Complaint on July 30, 2014.

Plaintiff was advised in the June 19, 2014 Order that because he was incarcerated when he filed the Complaint, the Court could immediately assess the $400 filing fee for this case. See June 19, 2014 Order at 2 n.1 (citing 28 U.S.C. § 1915(b)). But, as was explained in that Order, it appeared that this case generally suffered from the same fatal flaws as did Plaintiff's previously filed case in this Court. See id. at 2 (referring to Quick v. Astrue, No. 3:10-cv-133-J-32JBT, Order (Doc. No. 40)). As of this date, Plaintiff's balance for the filing fee for his 2010 case is $313.98. Considering the circumstances and the undersigned's recommendation that this case be dismissed, the filing fee should not be assessed for the instant case.[4]

A court receiving an application to proceed in forma pauperis must dismiss the case sua sponte if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). With respect to whether a complaint "fails to state a claim on which relief may be granted," § 1915(e)(2)(B)(ii) mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure ("Rule(s)"), so courts apply the same standard in both contexts. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008) (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Labels and

---

[4] Plaintiff is advised, however, that this recommendation is strictly limited to this case. If Plaintiff is incarcerated and files a lawsuit at a later date, he may be assessed the filing fee.

conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not do. Id. (quotation and citation omitted).  Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683-84 (11th Cir. 2001) (internal quotation and citation omitted). "[P]ro se pleadings are held to a less strict standard than pleadings filed by lawyers and thus are construed liberally." Alba, 517 F.3d at 1252 (citing Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998)). Nevertheless, a court is under no duty to "re-write" a plaintiff's complaint to find a claim. Peterson v. Atlanta Hous. Auth., 998 F.2d 904, 912 (11th Cir. 1993).

In the two-page Amended Complaint, Plaintiff names as the sole Defendant the "Social Security Administration." Am. Compl. at 1.  Plaintiff states that this case is "regarding [the] Social Security Administration's impairments that left a large gap in the assistance given to [him] when [his] illness was at its peak." Id.  He indicates that he "was completely incompetent and could not have maintained what ever [sic] existing comprehensive requirements being seriously mentally ill at the time and the waiver in stability is duly noted and will be presented as evidence." Id. He refers to the Americans with Disabilities Act and discusses his disability that he alleges renders him incompetent. Id. at 1-2.

Upon review of the Amended Complaint, the undersigned finds that the Amended Complaint fails to state a claim on which relief may be granted.  Plaintiff does not identify the cause(s) of action he attempts to assert and the undersigned cannot decipher any.  Plaintiff was specifically advised in the June 19, 2014 Order that this Court only has jurisdiction to

review final decisions of the Social Security Administration.  If that is what Plaintiff is attempting to do, he has again failed to state the necessary elements, including that he obtained a final decision regarding any application(s) for benefits from the Social Security Administration.

In sum, even liberally construing the allegations set forth in the Amended Complaint, Plaintiff has failed to state a claim upon which relief may be granted.  After due consideration, it is

**RECOMMENDED THAT:**

1.  Plaintiff's Affidavit of Indigency (Doc. No. 2), that the Court construes as a Motion to Proceed In Forma Pauperis, be **DENIED**.

2.  This case be **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

3.  The Clerk be directed to terminate all pending motions and to close the file.

**RESPECTFULLY RECOMMENDED** at Jacksonville, Florida on October 28, 2014.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

jlk
Copies to:

Honorable Timothy J. Corrigan
United States District Judge

Pro se party, Richard Quick (at last known address)

Richard Quick
3219 Mayhalia Place
Orlando, FL 32805